[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15274
Non-Argument Calendar
_____

D. C. Docket No. 04-03502-CV-ODE-1

HUGH T. BUTLER, SR.,

                                                                Plaintiff-Appellant,

versus

GREIF BROS. SERVICE CORP.,
ROBERT M. OGILVIE, JR.,
DARLENE MCGINNIS,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 30, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Hugh Butler appeals the district court's grant of judgment as a matter of law in favor of defendant-appellee Greif Brothers Service Corporation ("Greif"), on Butler's discrimination claim filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. After review, we affirm.

## I. BACKGROUND

Since 1984, Butler worked for Greif and its predecessor company. As a machinist-electrician, Butler maintained and repaired machinery, among other tasks. Butler first injured his back in March 2001, when he handed a pipe to another employee. Butler reported the injury to Greif but did not see a physician until January 2003. In January 2003, Butler was diagnosed with a bulging disc and degenerative disc disease. Butler took three weeks of medical leave to have his back treated. In February 2003, Butler returned to work and continued to work without any restrictions or limitations.

In June 2004, Greif announced that the machinist-electricians would perform occasional work on a cutting press, which involved bending over and lifting discs coming out of the cutting press while the normal press operator was on break. Butler informed Greif that he could not bend because of his degenerative back ailment and that it would be unsafe for him to work on the cutting press. Butler

2

refused to perform the cutting press work.

When Greif instructed Butler to provide medical documentation for this claim, Butler obtained a doctor's evaluation which stated a work restriction of "no bending." Greif decided that the physical limitation of "no bending" affected more than just whether Butler could perform work on the cutting press. Greif concluded, based on the "no bending" restriction, that Butler could not safely perform his regular job as a machinist-electrician because that job could not be performed without bending.

Butler met with Greif officials to discuss what conditions would be necessary for him to resume his work. Greif told Butler that he would have to obtain a release to return to work with no restrictions. Butler contended that he could do his job without bending. At two meetings later, Butler was told that Greif would make arrangements for him if his doctor would agree to restrictions to a lesser degree. Butler was asked to sign a form putting him on medical leave but Butler refused because he felt his "no bending" restriction did not prevent him from doing his job. Greif placed Butler on an unpaid leave of absence in August 2004.

In February 2005, Butler filed an amended complaint alleging, inter alia, that Greif violated the ADA by constructively discharging him because he suffered a

disability related to his back. Butler maintained that, with the use of tools and certain body positioning (such as laying on the floor, kneeling, and squatting), he could continue his work as a machinist-electrician without any bending.

After discovery, the case proceeded to a jury trial. At the close of Butler's case, Greif moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).

In an oral order, the district court granted Greif's motion for several reasons. The district court concluded that "[t]he evidence does not show that Mr. Butler is substantially limited from performing a broad variety of tasks central to most people's daily lives" and because "the evidence does not meet the specific definition [of disability] in the ADA, that alone requires the Court to grant the defendant's motion." Second, the district court agreed with the defense "that there is no evidence that the defendant regarded Mr. Butler as disabled." Finally, the district court found the evidence did not show that Butler was a "qualified individual" with respect to the machinist-electrician job. The district court stated that "bending and stooping are essential aspects of that job."

## II.  DISCUSSION

To establish a prima facie case of employment discrimination under the ADA, an employee must show that he (1) has a disability; (2) is a "qualified

individual," able to perform the essential functions of the job that he holds or seeks with or without reasonable accommodation; and (3) was discriminated against because of his disability. D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004).

On appeal, Butler argues that the district court erred in granting Greif's Rule 50(a) motion for judgment as a matter of law because a reasonable juror could have concluded (1) that he had a "disability" under the ADA and (2) that bending was not an essential function of his job.[1]  Because we conclude that Butler's evidence failed to establish that he had a "disability," we affirm the district court and need not, and do not, reach the essential function question.

A.    **"Disability"**

Under the ADA, an individual has a "disability" if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an

---

[1]This Court reviews de novo a district court's grant of judgment as a matter of law, applying the same standard as the district court. Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272, 1278 (11th Cir. 2005).  "A directed verdict is only proper when the facts and inferences so overwhelmingly favor the verdict that no reasonable juror could reach a contrary decision. However, a mere scintilla of evidence does not create a jury question; instead, there must be a substantial conflict in evidence to support a jury question." Carruthers, 357 F.3d at 1215 (quotation marks and citation omitted).  For the purposes of our review, we construe the evidence in the light most favorable to Butler. See id.

5

impairment. 42 U.S.C. § 12102(2); <u>Cash v. Smith</u>, 231 F.3d 1301, 1305 (11th Cir. 2000). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and <u>working</u>." 29 C.F.R. § 1630.2(i) (emphasis added).

Here, Butler primarily argues that he is substantially limited in the major life activity of working. The ADA does not define the phrase "substantially limits," but the federal regulations do. A person is "substantially limited" in the major life activity of working when the person is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i); <u>D'Angelo</u>, 422 F.3d at 1227 (quoting 29 C.F.R. § 1630.2(j)(3)(i)).[2]

The regulations expressly state that "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). The Supreme Court addressed the

_____

[2]A "class of jobs" consists of the job from which the plaintiff has been disqualified because of the impairment and other jobs in the geographic area in which the plaintiff resides that utilize "similar training, knowledge, skills or abilities." <u>Witter v. Delta Air Lines</u>, 138 F.3d 1366, 1370 (11th Cir. 1998) (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)). In contrast, a "broad range of jobs in various classes" consists of the job from which the plaintiff has been disqualified because of an impairment and other jobs in the plaintiff's geographic area "<u>not</u> utilizing similar training, knowledge, skills or abilities . . . from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(C) (emphasis added).

definition of a substantial limitation on working and stated:

> To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

Sutton v. United Airlines, Inc., 527 U.S. 471, 492, 119 S. Ct. 2139, 2151 (1999).

Butler failed to establish that he is substantially limited in his ability to work for several reasons. First, Butler testified that he worked as a roofer, a mattress mover, a handyman, and a truck driver after he was placed on leave by Greif. Butler's ability to perform such jobs indicates that he was not substantially limited from a class of jobs or a broad range of jobs as compared to the average person having comparable training, skills, and abilities. See Sutton, 527 U.S. at 491-92, 119 S. Ct. at 2151. Second, the undisputed evidence shows that Butler continued to work at Greif after he was diagnosed with his degenerative back condition in January 2003 and until his leave in August 2004. See D'Angelo, 422 F.3d at 1227 (reasoning that the plaintiff's "proven ability to work" contradicted her argument that she was disabled); Hilburn v. Murata Elecs. N. Amer., Inc., 181 F.3d 1220, 1228 (11th Cir. 1999) (finding no disability based on physician's lifting restrictions where the plaintiff testified that she could still work). Indeed, Butler contended,

7

even when placed on leave due to the "no bending" restriction, that he could still perform his job as a machinist-electrician, albeit not the cutting press job. Thus, the district court did not err in concluding that Butler failed to establish that he had a "disability" under the ADA.

## B.    Regarded As "Disabled"

Butler alternatively argues that, even if he is not actually disabled from working, he was "regarded as" disabled by Greif. "Under the 'regarded as' prong, a person is 'disabled' if [his] employer perceives [him] as having an ADA-qualifying disability, even if there is no factual basis for that perception." Carruthers, 357 F.3d at 1216. To succeed on this prong, Butler must show that the perceived disability, if real, would substantially limit a major life activity. Id. Where, as here, the major life activity is working, Butler must show that Greif perceived him as "'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" Id. (quoting 29 C.F.R. § 1630.2(j)(3)(i)).

Butler points to no evidence from which a jury could reasonably conclude that Greif regarded his back condition as precluding him from performing a class of jobs or a broad range of jobs. To the contrary, Greif management employees

8

testified at trial that, after Butler's diagnosis and prior to the doctor's restrictions (or from January 2003 to June 2004), Butler continued to perform his duties with no performance change and that they saw no occasion where Butler was unable to perform his job. Further, Greif believed that Butler could continue to work as evidenced by their offers to let him return to work if he could obtain a release from his doctor. At most, Butler's evidence established that Greif perceived him, based on the doctor's restrictions, as unable to perform only the job of machinist-electrician. See id. ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working" and thus an impairment must "be perceived to preclude . . . an individual from more than one type of job, even if the job foreclosed is the individual's job of choice.") (quotation marks and citation omitted).[3] Even taking the evidence in the light most favorable to Butler, we agree with the district court that no reasonable jury could find that Greif perceived his impairment as one that substantially limited his ability to work.

### III. CONCLUSION

Because Butler failed to establish a prima facie element of his case, that he had a disability under the ADA, we affirm the district court's grant of judgment as

---

[3]See also Breitkreutz v. Cambrex Charles City, Inc., 450 F.3d 780, 784 (8th Cir. 2006) ("[A] restriction . . . based upon the recommendations of physicians . . . is not based upon myths or stereotypes about the disabled and does not establish a perception of disability.").

a matter of law in favor of Greif.

**AFFIRMED.**